**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALDINE COLE,<br><br>        Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>        Defendant. | Case No.  1:19-cv-01384-JLT-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 11) |

Geraldine Cole initiated this action asserting claims of common law negligence and premises liability seeking recovery for her injuries that resulted from a slip and fall in one of Defendant CVS Pharmacy, Inc.'s store locations. (Doc. 1 at 11.) On April 8, 2021, CVS filed a motion for summary judgment, seeking dismissal of all claims. (Doc. 11.) For the reasons set forth below, the Court **GRANTS** CVS's motion for summary judgment.

## I. BACKGROUND

On June 21, 2019, Cole filed a complaint in California Superior Court, County of Tulare asserting two causes of action: (1) common law negligence and (2) premises liability. (Doc. 1 at 9-11.) CVS removed the case to federal court on October 2, 2019, pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446. (Doc. 1 at 1-2.) The following summary of the incident, which occurred in a CVS store and gives rise to Cole's claims, is undisputed unless otherwise noted.

In the afternoon of March 16, 2018, Cole entered the CVS store to pick up a prescription

1  from the pharmacy. (Doc. 14-2 at 2, ¶ 1.) It had been raining heavily throughout the day. (Doc.
2  14-3 at 2, ¶ 1.) Cole dropped off her prescription at the pharmacy and waited in the store for it to
3  be filled. (Doc. 14-2 at 2, ¶ 2-3.) She and her daughter perused the store while they waited. (Doc.
4  14-3 at 3, ¶ 4.) After approximately sixteen minutes, the pharmacy alerted Cole that her
5  prescription was ready for pick up. (Doc. 14-2 at 2-3, ¶¶ 4-5.) Cole returned to the pharmacy area,
6  carrying her daughter on her hip. (*Id.* at 3, ¶ 5.) While heading towards the pharmacy counter,
7  Cole fell forward and struck her head on the counter. (*Id.*) Cole contends her memory was blurred
8  after her fall. (Doc. 14-3 at 6, ¶ 18.)

9       The parties staunchly dispute the cause of Cole's fall. In particular, Cole alleges that she
10  felt herself slip on some sort of liquid and believes the floor was wet due to the rainy conditions.
11  (Doc. 14-3 at 5, ¶ 13; *id.* at 10, ¶ 37.) CVS alleges that there was no liquid on the floor, as
12  evidenced by Cole's testimony that she did not recall seeing anything wet on the floor at any time
13  during her visit to the store. (Doc. 14-2 at 5-8, ¶¶ 12-18.) The parties' dispute on this motion for
14  summary judgment centers around these arguments and whether sufficient evidence exists to give
15  rise to genuine dispute of material fact regarding CVS's alleged breach of duty and the cause of
16  Cole's fall. (*See, e.g.*, Doc. 11-1 at 5; Doc. 13-1 at 9.)

**II.     MOTION FOR SUMMARY JUDGMENT**

18       Summary judgment is appropriate when there is "no genuine dispute as to any material
19  fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addition,
20  Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there
21  is no genuine issue of material fact as to a particular claim or portion of that claim. *Id.*; *see also*
22  *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary
23  adjudication that will often fall short of a final determination, even of a single claim…") (internal
24  quotation marks, citation omitted).

25       The "purpose of summary judgment is to pierce the pleadings and to assess the proof in
26  order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith*
27  *Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Summary judgment should be entered
28  "after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the "initial responsibility" of demonstrating the absence of a genuine issue of material fact. *Id.* at 323. An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987). A party demonstrates summary judgment is appropriate by "informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial burden, the burden then shifts to the opposing party to present specific facts that show genuine issue of a material fact exists. Fed R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586. An opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 587. The party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that a factual dispute exits. *Id.* at 586 n.11; Fed. R. Civ. P. 56(c). Further, the opposing party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987). However, "failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

The Court must apply standards consistent with Rule 56 to determine whether the moving party demonstrated no genuine issue of material fact exists and judgment is appropriate as a matter of law. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). In resolving a motion for summary judgment, the Court can only consider admissible evidence. *Orr v. Bank of America,*

*NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Further, evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr*, 285 F.3d at 772; *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### III.     EVIDENTIARY OBJECTIONS

On a motion for summary judgment, the Court should consider only admissible evidence but does not require documents to have a "proper foundation laid to authenticate them." *Lindell v. Synthes, USA*, 155 F. Supp. 3d 1068, 1071-72 (E.D. Cal. 2016) (internal citation omitted). In addition, the Court "cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of the Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). Likewise, "improper legal conclusions ... are not facts and likewise will not be considered on a motion for summary judgment." *Id.* CVS makes several relevancy objections to portions of Cole's proffered affidavit. (*See, e.g.*, Doc. 14-3 at 7, ¶¶ 21-25.) The Court will not address each objection individual but will consider only relevant evidence on this motion for summary judgment.

CVS also objects to portions of Cole's affidavit on the basis that these statements conflict with her prior sworn deposition testimony and constitute a "sham affidavit." (Doc. 14-1 at 2-7.) Under Federal Rule of Civil Procedure 56(h), if "an affidavit or declaration under [a motion for summary judgment] is submitted in bad faith," the court may subject the party to "appropriate sanctions," including striking the affidavit or portions thereof. According to this rule, the Ninth Circuit generally prohibits a party, on summary judgment, from creating "an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991); *Foster v. Arcata Associates*, 772 F.2d 1453, 1462 (9th Cir. 1985) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.").

On the other hand, the Ninth Circuit recognizes that the "sham affidavit rule is in tension with the principle that a court's role in deciding a summary judgment motion is not to make

credibility determinations or weigh conflicting evidence." *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009). To account for this tension, the Ninth Circuit imposes limitations on the sham affidavit rule. *Id.* In particular, the district court must "make a factual determination that the contradiction was actually a 'sham,'" made to avoid summary judgment (*Kennedy*, 952 F.2d at 267), and the alleged inconsistency must be "clear and unambiguous to justify striking the affidavit." *Van Asdale*, 577 F.3d at 998-99. The sham affidavit rule does not apply to affidavits which elaborate, explain, or clarify the prior testimony in deposition. *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009). Likewise, the rule excludes "minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence." *Messick v. Horizon Indus., Inc.*, 62 F.3d 1227, 1231 (9th Cir. 1995). However, "a district court may find a declaration to be a sham when it contains facts that the affiant previously testified he could not remember." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).

      CVS argues the portion of Cole's affidavit that allege she slipped on a wet substance on the floor constitute a sham affidavit because it contradicts her testimony during deposition. During her deposition, Cole testified that she did not recall seeing anything wet on the floor before she fell, immediately after she fell, nor when she returned to investigate the area. She confirmed that she did not see a slippery substance on several occasions:

> Q. Was it water that you slipped on?
> A. It's unknown to me what I slipped on.

(Doc. 11-3 at 11, ln. 18-19.)

> Q. The place where you're standing, as you were walking up to it, did you see any water or fluid on the floor as you were walking up?
>
> A. Not that I can recall.

(*Id.* at 14, ln. 16-19.)

> Q. Okay. While you were standing there waiting on the two ladies to finish their business, did you notice any water or fluid on the floor where you were standing?

1         A.     Not that I can remember.

2 (*Id.* at 15, ln. 1-4.)

3         Q.     As you were walking up to that area where you slipped, did you notice any water or fluid on the floor?

4

5         A.     I did not.

6         Q.     After you slipped, did you notice any water or fluid on the floor?

7         A.     I did not.

8 (*Id.* at 17, ln. 11-16.)

9         Q.     So when you went back and you were looking to see what the source of your slip had been, were you looking to see if there was a specific item that you had slipped on?

10

11

12         A.     I was looking to understand what it was that I even slipped on.

13         Q.     Okay. And did you discover that what made you slip was the fact it was moist there?

14

15         A.     No.

16         Q.     You still couldn't figure out why?

17         A.     Could not.

18 (*Id.* at 22, ln. 8-18.)

19       Cole's statements in her affidavit that "she felt herself slip on a wet substance" clearly and

20 directly contradict her sworn deposition testimony that she could not recall the cause of her fall,

21 despite multiple questions by counsel regarding the condition of the floor. (Doc. 13-3 at 2-3, ¶ 7);

22 *see Yeager*, 693 F.3d at 1080-81 (holding a clear contradiction exists where plaintiff could not

23 recall details of the relevant incident despite being shown multiple exhibits and asked multiple

24 questions but "but suddenly recall[ed] those same events with perfect clarity in his declaration").

25 Moreover, Cole's lack of recollection is not a minor inconsistency but rather bears on critical

26 issues to her case, i.e., the cause of her fall and CVS's potential negligence by failing to mitigate

27 that risk. *See Mack v. Cal. Dep't of Corr. & Rehab.*, 2018 WL 932235, at 6 (E.D. Cal. Feb. 16,

28 2018) (striking the affidavit in which plaintiff claimed to have discussed his race with his

employers at CCI but during his deposition he testified that he did not recall any discussions about his race while at CCI but only while at the Vacaville facility).

Cole lacks a reasonable explanation for her current recollection of facts, which she could not recall previously. Cole argues that her conversation with a woman representing CVS explains these inconsistencies because Cole told the woman that she slipped on a wet substance approximately three months after the incident. (Doc. 13-1 at 3-4.) Cole contends her memory was more precise three months after the incident than during her deposition, which took place more than two years after the incident. (*Id.*).[1] Cole does not explain, however, why during her deposition testimony she did not recall the statements she says she made to the CVS representative or why she now remembers the content of the conversation, after even more time had passed since the original incident. Also, even if the Court were to accept that she now recalls what she said to the CVS representative, this does not explain why recalling this conversation means she recalls the details of her fall and, more particularly, that the floor was wet.

Moreover, her claims about the call with the CVS representative do not adequately explain the contradictions in her deposition testimony.[2] Even though she has asserted that this conversation was recorded, Cole did not provide a copy of this recorded statement and does not explain why. (Doc. 14-1 at 6-7.) Without evidence that predates her deposition, Cole can only rely on her later-filed affidavit to prove her statements to the CVS representative occurred. (Doc. 13-3 at 4, ¶ 14.) Thus, this portion of her affidavit suffers from the same inconsistencies and likewise contradicts her sworn deposition testimony. To the extent, Cole also attempts to explain the disparity between her deposition testimony and her declaration by claiming she suffered memory loss due to the head trauma caused by her fall, this explanation likewise fails. (*See* Doc. 13-1 at 3.) Such memory loss at the time of the incident does not justify her later and convenient recollection of the incident in opposition to summary judgment. The Court finds Cole's

---

[1] Cole makes a variety of arguments about how the Court should evaluate her affidavit under certain standards of the California rules of procedure. (Doc. 13-1 at 4-6.) The Court must apply the Federal Rules of Civil Procedure, not California rules, and thus, need not address Cole's remaining arguments.

[2] Likewise, it is odd that the plaintiff did not correct her deposition testimony when she had the chance

contradiction in her affidavit to be motivated by her desire to avoid summary judgement, and therefore, the sham affidavit rule applies. Accordingly, portions of Cole's affidavit which imply she perceived a wet substance on the floor near the CVS pharmacy are **STRICKEN**.

## IV.    DISCUSSION

### A.    Standards for Negligence and Premises Liability

Cole asserts two claims for negligence and premises liability, both arising from CVS's alleged failure to maintain a safe premises for its customers. "The elements of a negligence claim and premises liability claim are the same." *Lemberg v. JP Morgan Chase Bank, N.A.*, 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018). Under California law, both claims require the plaintiff to show: "(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages)." *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009). The Court will, therefore, evaluate both claims under the same analysis.

Under the premises liability, a property owner has "a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm." *Brooks v. Eugene Burger Mgmt. Corp.*, 215 Cal. App. 3d 1611, 1619 (1989). Generally, a property owner who knows or should know of a dangerous condition that could expose visitors to an unreasonable risk of harm owes a duty of ordinary care to make the condition safe or warn visitors. *Bridgman v. Safeway Stores, Inc.*, 53 Cal. 2d 443, 446 (1960). Store owners exercise ordinary care by "making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001). This duty does not, however, require the store owner to ensure the safety of its patrons. *Id.* at 1206.

"While under some circumstances, negligence may be inferred from the existence of a dangerous condition, the burden rests upon the plaintiff to show the existence of a dangerous condition, and that the defendant knew or should have known of it." *Harpke v. Lankershim Ests.*, 103 Cal. App. 2d 143, 145 (1951). In California slip and fall cases, "plaintiffs must prove the

store owner had actual or constructive notice of a dangerous condition prior to the plaintiff's injury to establish causation." *Bean v. Costco Wholesale Corp.*, 2021 WL 4263324, at *4 (E.D. Cal. Sept. 20, 2021) (citations omitted); *see also Ortega*, 26 Cal. 4th at 1205-06. Constructive notice may be inferred when the condition "has existed long enough for a reasonably prudent person to have discovered it." *Ortega*, 26 Cal. 4th at 1207. The plaintiff has the burden to prove the condition existed for long enough to charge the store owner with constructive knowledge. *Id.*

**B.      Cole Has Not Sufficiently Evidenced the Presence of a Hazardous Condition**

Cole has not met her burden to show that a hazardous condition existed such that CVS breached a duty of care. CVS contends that it undertook reasonable steps to keep its store safe by having a carpeted area at the entrance, which mitigated the risk of customers making the floors wet on rainy days. (Doc. 11-1 at 9). The ten-foot carpeted area complies with industry standards. (Doc. 14-2 at 4, ¶¶ 7-9.) In addition, CVS requires employees to complete a "Daily Compliance Checklist" which includes inspecting the store for potentially hazardous conditions on the floors. (*Id.* at 4, ¶ 6.) CVS employees completed the Daily Compliance Checklist on the day that Cole fell. (Doc. 11-3 at 24-26.)

Cole does not contest that CVS employed these safety measures in its store. Rather, Cole contends that completion of the Daily Compliance Checklist mandated only two inspections per day, which was unreasonable given the heavy rain. (Doc. 13-9 at 9.) Cole argues that if CVS had inspected the floors on a reasonable schedule, "they would have discovered that the floors were wet and posed a dangerous condition to its patrons." (*Id.*) However, even if the inspection was unreasonably infrequent, Cole must first establish the existence of a dangerous condition before the effectiveness of the inspection plan has any pertinence.

Cole has not presented admissible evidence to support her claim that the floor was wet, such that it would trigger a duty for CVS to clean up or otherwise mitigate the risk of a slippery floor. In her deposition, Cole repeatedly testified that she did not see liquid on the floor, even when she returned to closely inspect the floor to try to understand why she fell. (*See, e.g.*, Doc. 11-3 at 11, ln. 18-19, *id.* at 22, ln. 8-18.) Cole has not presented any other proof, such as testimony from CVS employees or other customers who were present during the accident, to

9

support her claim. Cole's only evidence suggesting she slipped on something wet comes from her affidavit, which the Court will not consider for the reasons discussed above.

Cole's evidence does not create a genuine dispute of material fact as to whether a hazardous condition existed in the CVS store. *Compare Peralta v. Vons Cos.*, 24 Cal. App. 5th 1030, 1035-36 (2018) (affirming summary judgment where plaintiff testified she did not see anything on the floor and relied on inadmissible hearsay evidence to suggest people often fall in this area); *with Bean*, 561 F. Supp. 3d at 921-22 (denying summary judgment where a material dispute of fact existed regarding the conditions of the premises because plaintiff testified that there was a puddle near where she fell and another witness submitted an affidavit confirming he observed water on the ground). Because Cole bears the burden to show more than a mere possibility of the existence of a hazardous condition, she has not established that CVS failed to take reasonable steps to clean up or warn customers against a slippery substance that did not exist. Thus, Cole has not shown CVS breached a duty of care by falling to inspect or make safe the pharmacy floor. *See Vaughn v. Montgomery Ward & Co.*, 95 Cal. App. 2d 553, 558 (1950) ("[T]he minimum duty of a plaintiff is to show that the aisles were in fact unsafe and that she fell because of that condition.").

**C.      The Lack of a Hazardous Condition Negates Causation**

Cole's failure to show more than a mere possibility of the presence of a slippery substance also negates the causation element. *Peralta*, 24 Cal. App. 5th at 1036 ("The mere possibility that there was a slippery substance on the floor does not establish causation."). A plaintiff establishes causation in fact by producing evidence that the defendant's acts or omissions were a substantial factor in bringing about the plaintiff's injury. *Vasquez v. Residential Invs., Inc.*, 118 Cal. App. 4th 269, 288 (2004) (quoting *Jackson v. Ryder Truck Rental, Inc.*, 16 Cal. App. 4th 1830, 1847 (1993)). "Speculation or conjecture" of a dangerous condition does not satisfy this burden. *Ortega*, 26 Cal. 4th at 1205-06. Though causation is often a question of fact for the jury, where the evidence on summary judgment suggests only a "mere possibility of such causation, . . . it becomes the duty of the court to direct a verdict for the defendant." *Id.* (citation omitted).

For the reasons described above, Cole's evidence presents only a speculative possibility

10

that she fell because the floor was slippery. Without evidence that a hazardous condition existed, Cole essentially asks the Court to impose a res ipsa loquitur theory of liability to her case—that is, because she fell in a CVS store, CVS's negligence is presumed. California courts have expressly rejected application of presumed liability in the context of slip-and-fall cases. *Brown v. Poway Unified Sch. Dist.*, 4 Cal. 4th 820, 826 (1993) (alterations in original) (citation omitted) ("[A]n ordinary slip and fall ... will not in [itself] justify the conclusion that negligence is the most likely explanation; and to such events res ipsa loquitur does not apply").

In addition, Cole cannot meet her burden that CVS had constructive notice of a hazardous substance was on the floor. Because the evidence does not show the presence of a slippery substance on the floor, Cole also has no evidence of how long the substance existed without inspection by a CVS employee. Thus, regardless of the frequency of CVS's inspections of its premises, CVS had no constructive notice of a slippery floor. *See Peralta*, 24 Cal. App. 5th at 218 (finding "even if [defendant] did not conduct an inspection of the bakery area in the 10 to 15 minutes before [plaintiff's] fall," defendant could not have discovered a condition plaintiff failed to show existed). CVS's lack of constructive notice further negates the causation element.

Accordingly, because no material dispute of fact exists regarding the presence of a hazardous condition on the floor of the CVS floor, Cole failed to show that CVS breached a duty of care and that its alleged breach caused her to fall. The Court, therefore, finds no reasonable jury could find in favor of Cole, and summary judgment is appropriate.

## V.   ORDER

For the reasons stated above, the Court **ORDERS**:

1. CVS's motion for summary judgment (Doc. 11) is **GRANTED**.
2. The Clerk of Court is directed to enter judgment in favor of CVS.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **July 14, 2022**

_____
UNITED STATES DISTRICT JUDGE

11